**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 20 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANDERS TRON-HAUKEBO, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> COUNTY OF CLALLAM; NELSON MORGAN; AMY OAKES, <br><br> Defendants - Appellees. | No. 25-347 <br><br> D.C. No. 3:24-cv-05051-DWC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
David W. Christel, Magistrate Judge, Presiding

Submitted July 15, 2026[**]

Before: McKEOWN, OWENS, and LEE, Circuit Judges.

Anders Tron-Haukebo appeals the district court's orders granting Clallam

County, Nelson Morgan, and Amy Oakes's motion for summary judgment and

denying Tron-Haukebo's motion for reconsideration, which resulted in the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissal of his case. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a summary judgment ruling, and "view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Fresenius Medical Care Orange Cnty., LLC v. Bonta*, 172 F.4th 718, 728 (9th Cir. 2026) (citation modified). We review for abuse of discretion the district court's denial of a motion for reconsideration. *Do Sung Uhm v. Humana, Inc.*, 620 F.3d 1134, 1140 (9th Cir. 2010). We affirm.

Tron-Haukebo alleges that Clallam County and two Clallam County Sheriff's Office employees, Morgan and Oakes, violated his Second Amendment rights by denying two applications for a concealed pistol license (the "2020 CPL application" and the "2023 CPL application").[1] Each denial was justified solely by reference to the active restraining orders against Tron-Haukebo.

All claims related to the denial of the 2020 CPL application are time-barred. The statute of limitations for actions brought under 42 U.S.C. § 1983 in Washington State is three years. *Boston v. Kitsap County*, 852 F.3d 1182, 1185 (9th Cir. 2017). Tron-Haukebo filed suit on December 20, 2023, more than three

---

[1] For the first time on appeal, Tron-Haukebo references a third concealed pistol license application, which was purportedly denied on April 8, 2025. Because "[d]ocuments or facts not presented to the district court are not part of the record on appeal," we do not consider this third denial. *IMDb.com Inc. v. Becerra*, 962 F.3d 1111, 1126 n.7 (9th Cir. 2020) (quoting *United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990)).

years after the February 4, 2020 denial of his 2020 CPL application.

Some of Tron-Haukebo's claims, including those that contest whether Tron-Haukebo was properly served in state court or appropriately deemed a "credible threat," endeavor to challenge the state-court judgments that resulted in the issuance of the King County and Snohomish County protective orders. We dismiss those claims as they are not subject to federal-court review under the *Rooker-Feldman* doctrine. *See T.M. v. Univ. of Md. Med. Sys. Corp.*, 146 S. Ct. 1739, 1748 (2026) ("*Rooker-Feldman* continues to require dismissal for want of subject matter jurisdiction" in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." (citation modified)).

We dismiss Tron-Haukebo's § 1983 claim against Clallam County because he failed to plead the existence of a "deliberate policy, custom, or practice that was the moving force behind the constitutional violation [he] suffered." *Vanegas v. City of Pasadena*, 46 F.4th 1159, 1167 (9th Cir. 2022) (citation modified) (quoting *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012) and citing *Monell v. Dep't of Soc. Srvs.*, 436 U.S. 658, 691 (1978)). Tron-Haukebo pled only a theory of respondeat superior liability, which cannot serve as the basis for municipal liability under § 1983. *Id.*

We finally affirm the district court's dismissal on qualified immunity grounds of Tron-Haukebo's § 1983 claim against Oakes for her denial of the 2023 CPL application. Our qualified immunity inquiry has two prongs, which can be addressed in either order. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Under the first prong, we consider whether Tron-Haukebo experienced a violation of his constitutional rights. Under the second, we determine whether that right was "clearly established" at the time of Oakes's denial of the CPL application. *Id*. at 232, 236.

We do not decide whether the denial of Tron-Haukebo's 2023 CPL application violated his Second Amendment right to keep and bear arms. We hold only that Oakes's conduct did not violate clearly established law. Tron-Haukebo grounds his Second Amendment challenge upon *United States v. Rahimi*, 602 U.S. 680 (2024), which was not decided until after the denial of Tron-Haukebo's 2023 CPL application and so cannot have clearly established any relevant right. Oakes followed existing state law by denying Tron-Haukebo's 2023 CPL application due to the active restraining orders. *See* RCW § 9.41.070(1)(a); RCW § 9.41.040(2)(a)(ii). At the time of the 2023 CPL application denial, there was no "case where an officer acting under similar circumstances 'was held to have violated' the Constitution." *Zorn v. Linton*, 146 S. Ct. 926, 930 (2026) (per curiam) (quoting *Escondido v. Emmons*, 586 U.S. 38, 43 (2019) (per curiam)).

Therefore, Oakes is entitled to qualified immunity on this claim.

**AFFIRMED.**[2]  The clerk shall file the Answering Brief submitted at Dkt. No. 7.  The clerk shall amend the docket to remove defendant Clallam County Sheriff's Office.

---

[2] The motion to proceed in forma pauperis at Dkt. No. 6 is granted.  The motions to proceed in forma pauperis at Dkt. No. 17 and Dkt. No. 18 are denied as moot.  The motions for miscellaneous relief at Dkt. Nos. 19, 30, 31, and 34 are denied.